04-80018

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CIV-PAINE

Claim No: C-109673W/C-109674WW

Civil Action No.:

| UNITED STATES OF AMERICA | § |
| | § |
| vs. | § |
| | § |
| Michelet Louis | § |

MAGISTRATE JUDGE
JOHNSON

---

**COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Palm Beach County, Florida within the jurisdiction of this Court and may be served with service of process at 300 Nw 14th Ave, , Boynton Beach, FL 33435.

### The Debt

#### First Cause of Action - Claim Number: C-109673W

3. The debt owed the USA is as follows:

A. Current Principal *(after application of all prior payments, credits, and offsets)* — $2,753.64

B. Current Capitalized Interest Balance and Accrued Interest as of December 23, 2003 — $2,730.84



| | |
|---|---|
| C. Administrative Fee, Costs, Penalties | $49.87 |
| D. Attorneys fees | $ 500.00 |
| **Total Owed - Claim Number C-109673W** | **$6,034.35** |

### Second Cause of Action - Claim Number: C-109674W

4. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and* offsets) | $922.52 |
| B. Current Capitalized Interest Balance and Accrued Interest as of December 23, 2003 | $1,039.47 |
| C. Administrative Fee, Costs, Penalties | $19.80 |
| D. Attorneys fees | $ 250.00 |
| **Total Owed - Claim Number C-109674W** | **$2,231.79** |

**TOTAL OWED (Claim Numbers C-109673W and C-109674W)**     **$8,266.14**

The Certificate of Indebtedness, attached as Exhibit "A" and "B", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum on Claim Number C-109674W and 9.130% per annum on Claim Number C-109674W.

### Failure to Pay

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961

that interest on the judgment be at the legal rate until paid in full;

      B. For attorneys' fees to the extent allowed by law; and,

      C. For such other relief which the Court deems proper.

                    Respectfully submitted,

                    David E. Newman, P.A.

Date: 1/9/04

By: _____
Amy J. Winarsky
Florida Bar Number 900140
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Tel.305-665-9633
Facsimile 305-666-9714

**U.S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

CERTIFICATE OF INDEBTEDNESS

Name:    MICHELET LOUIS
AKA:

Address:  300 NW 14TH AVE

BOYNTON BEACH, FL 33435
SSN:     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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02/18/99.

On or about 1/26/89, the borrower executed promissory note(s) to secure loan(s) of $1,108.00 from FIRST BANK N.A., ST. PAUL, MN. at 9.13% percent interest per annum. This loan obligation was guaranteed by NORTHSTAR GUARANTEE, INC. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $262.12 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 2/28/91, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $922.52 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 4/23/93, assigned its rights and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower owes the United States the following:

| | | |
|---|---|---|
| Principal: | $ | 922.52 |
| Interest: | $ | 631.29 |
| Administrative/Collection Costs: | $ | 19.80 |
| Late fees: | $ | 0.00 |
| Total Debt as of 02/18/99 : | $ | 1,573.61 |

Interest accrues on the principal shown here at the rate of $0.23 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:   2/25/99      Name:
                            Title:    Loan Analyst
                            Branch:   Litigation

HIGHER EDUCATION ASSISTANCE FOUNDATION
PO BOX 64107 · ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

SUPPLEMENTAL LOAN FOR
STUDENTS (SLS) APPLICATION/
PROMISSORY NOTE

**SECTION A - TO BE COMPLETED BY BORROWER** *(PRINT IN INK—PRESS FIRMLY—OR TYPE)*

| 1 NAME (NO NICKNAMES) | | 2. SOCIAL SECURITY NUMBER | 3 WHEN WERE YOU BORN? |
|---|---|---|---|
| (LAST) LOUIS   (FIRST) MICHARETT   (MI) 0 | | 265 95 4795 | MO 11 DAY 17 YR 47 |

| 4 PERMANENT ADDRESS | 5 PERMANENT HOME PHONE |
|---|---|
| 300 N.W. 14th AVE | (407) 738-0064 |

| CITY | STATE | ZIP |
|---|---|---|
| BOYNTON BEACH | FLA | 33435 |

| 6 U.S. CITIZENSHIP STATUS (CHECK ONE) | 7 PERMANENT RESIDENT OF WHICH STATE | 8a DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9) | 8b STATE IN WHICH ISSUED |
|---|---|---|---|
| ☐ U.S. CITIZEN OR  ☑ PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN    ALIEN ID NUMBER IF APPLICABLE  A40136092 | MIA, FLA | L-200-540-47-417 | FLA |

| 9. ADDRESS WHILE IN SCHOOL (STREET, CITY, STATE, ZIP) |
|---|
| Same |

| 10 PHONE AT SCHOOL ADDRESS | 11. MAJOR COURSE OF STUDY; SEE INSTRUCTIONS IN APP BOOKLET | 12. LOAN AMOUNT REQUESTED | 13 PERIOD LOAN WILL COVER |
|---|---|---|---|
| (407) 738-0064 | 15 | $ 1108 .00 | FROM 01 89 TO 03 89 |

**PRIOR LOAN INFORMATION**

| 14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? | 14b IF YES, TOTAL UNPAID PRINCIPAL BALANCE | 15 UNPAID PRINCIPAL BALANCE OF MOST RECENT SLS (ALAS) | 16. GRADE LEVEL OF MOST RECENT SLS (ALAS). SEE INSTRUCTIONS IN APP BOOKLET | 17. LOAN PERIOD START DATE OF MOST RECENT SLS (ALAS) |
|---|---|---|---|---|
| ☐ YES (GO TO 14b)  ☑ NO (GO TO 18a) | $ | $ | | |

| 18a DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? | 18b IF YES, TOTAL UNPAID PRINCIPAL BALANCE | 19a DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? | 19b IF YES, TOTAL UNPAID PRINCIPAL BAL OF PLUS LOANS | 20 HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? |
|---|---|---|---|---|
| ☐ YES (GO TO 18b)  ☑ NO (GO TO 19a) | $ | ☐ YES (GO TO 19b)  ☑ NO (GO TO 20) | $ | ☐ YES (GIVE DETAILS ON SEPARATE SHEET) ☑ NO |

**REFERENCES** (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| | 21a NAME JACOB SHEFFARD | 21b NAME GINETTE TOUZIN | 21c NAME Camille Dubuisson |
|---|---|---|---|
| P A R E N T | STREET 156 N.W. 14 AVE | STREET 155 SE 27th PL. | STREET 3326 N.W. 180 ST |
| R E L A T I V E | CITY STATE ZIP BOYNTON Bedi FL 33433 | CITY STATE ZIP BOYNTON Bch FL 33435 | CITY STATE ZIP HIAMI FLA 33142 |
| | PHONE (407) 732-4349 | PHONE (407) 369-8344 | PHONE (305) 625-6257 |

| 22 IF YOU QUALIFY FOR A DEFERMENT, DO YOU WISH TO DEFER PRINCIPAL PAYMENTS WHILE IN SCHOOL? (IF YES, GO TO 23. IF NO, GO TO 24a) | 23 YOUR LENDER MAY ALLOW THE INTEREST TO ACCRUE AND CAPITALIZE IT DURING THE DEFERMENT, OR YOUR LENDER MAY COLLECT THE INTEREST FROM YOU IN PERIODIC INSTALLMENTS IF YOUR LENDER GIVES YOU A CHOICE, WHICH DO YOU PREFER? |
|---|---|
| ☑ YES  ☐ NO | ☑ ACCRUE, CAPITALIZE   ☐ PERIODIC INSTALLMENT PAYMENTS |

**NOTICE TO BORROWER:** You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and interest on the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

| 24a SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE) | 24b DATE BORROWER SIGNED |
|---|---|
| X Michelet Louis | MO 7 DAY 26 YR 89 |

**SECTION B - TO BE COMPLETED BY SCHOOL**

| 25 NAME OF SCHOOL | 27 PHONE | 28 SCHOOL CODE |
|---|---|---|
| Chauffeur's Training School Inc. | (305) 638-2000 | 021461 |

| 26 ADDRESS (STREET, CITY, STATE, ZIP) | 29 |
|---|---|
| 2579 N.W. 20th St. Miami Fl 33142 | 9005 |

| 30 | 31 PERIOD LOAN WILL COVER | 32. STUDENT'S GRADE LEVEL (CHECK ONE) | 33 ANTICIPATED GRADUATION DATE |
|---|---|---|---|
| | FROM MO 01 DAY 30 YR 89  TO MO 03 DAY 24 YR 89 | CORRESP ☐  UNDERGRAD ☑1 ☐2 ☐3 ☐4 ☐5  GRAD ☐6 ☐7 ☐8 ☐9 ☐10 | MO 03 DAY 24 YR 89 |

| 34 WILL THE BORROWER BE ENROLLED FULL-TIME DURING THE LOAN PERIOD? | 35 STUDENT STATUS | 36. COST OF ATTENDANCE FOR LOAN PERIOD | 37 ESTIMATED FINANCIAL AID FOR LOAN PERIOD | 38 DIFFERENCE (ITEM 36 LESS ITEM 37) OR LEGAL MAXIMUM |
|---|---|---|---|---|
| ☑ YES UNTIL (DATE) MO 03 DAY 24 YR 89  ☐ NO | ☑ DEPENDENT  ☐ INDEPENDENT | $ 5635. | $ 2625. | $ 3010. |

| 39 SUGGESTED DISBURSEMENT DATE | 40. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? | 41 SCHOOL USE ONLY |
|---|---|---|
| MO 01 DAY 30 YR 89 | ☐ YES  ☑ NO | |

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.

| 42a. SIGNATURE OF SCHOOL OFFICIAL | 42b DATE SIGNED | 42c PRINT NAME AND TITLE |
|---|---|---|
| X Michelle S. Bodenchak | MO 02 DAY 09 YR 89 | Michelle S. Bodenchak, Financial Aid Administrator |

**SECTION C - TO BE COMPLETED BY LENDER**

| 43. NAME OF LENDER | 45. LENDER CODE | 46. BRANCH CODE |
|---|---|---|
| First Bank N.A. | 830038 | |

| 44 ADDRESS (STREET, BUILDING) | 47. | 48. |
|---|---|---|
| | | |

| CITY, STATE, ZIP | 49 TOTAL LOAN AMOUNT APPROVED | 50 DISBURSEMENT DATE |
|---|---|---|
| St. Paul Mn. 1-800-328-0156 | $ | MO DAY YR |

| 51 NUMBER OF MONTHLY INSTALLMENTS | 52 DUE DATE OF FIRST PAYMENT | 53. LENDER ACCOUNT NUMBER | 54. LENDER USE ONLY |
|---|---|---|---|
| 25 | MO DAY YR | | |

| 55a SIGNATURE OF LENDING OFFICIAL | 55b DATE SIGNED | 55c PRINT NAME AND TITLE |
|---|---|---|
| X | MO DAY YR | **APP - REVIEW** |

**SECTION D - TO BE COMPLETED BY HEAF**

| 56 HEAF USE ONLY |
|---|
| LOUIS, MICHELET, CLAIM NO 1993090167085  04-25-93  SSN 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   TD  1 |

FEB 10 1989

**REVIEWED #3**

F40-61  4-87
SLS-353

# SLS PROMISSORY NOTE

## A. PROMISE TO PAY

The interest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest. For a PLUS or SLS loan made for a period of enrollment beginning prior to July 1, 1987, the applicable interest rate is 12% per year. For loans made for periods of enrollment beginning on or after July 1, 1987, the interest will be equivalent to interest on the Loan Amount shown on the front of this application/promissory note, at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable-rate PLUS and SLS loans.

2. Guarantee Fee.
HEAF may charge a fee to guarantee ... law, applicable regulations and HEA. Fee will be deducted from my check, except for the amount attributable to the lender's option, be applied to my I statement will show the actual guaran

## B. DISCLOSURE OF LOAN

I understand that before I receive my statement that identifies all the terms

## C. GENERAL

I understand that the lender has app Higher Education Assistance Foundat and the terms of this Promissory Note of the Higher Education Act of 1965, under the Act, and the Rules and Regu law, this Note shall be governed by the

## D. REPAYMENT

1. I understand I can either defer prir immediately. These options are descri front of this application/promissory not Deferred Repayment. If I answer YES i reasons explained under Deferment ir the repayment period on this loan begi due within 60 days of disbursement I H at my lender's option, and in accordar statement:

a. be paid by me in installments, or
b. accrue and be added to the principal quarterly, in accordance with laws and i I will contact the lender prior to expiratio of repayment. If I neglect to do so, I auth the guidelines set forth in Paragraph 2 c my lender must inform me of the terms i to the lender.
Immediate repayment. If I answer NO I interest within 60 days of disbursement.

c. I will repay this loan within 10 years o normally lasts at least 5 years but no mc in these rules apply:
a. The lender may require a repayment i ensure that during each year of the rep G.SLP, PLUS or SLS program loans out least $600 or the unpaid principal balanc b. If I qualify for any deferment period des grants "forbearance", those periods will i tioned above.

d. The particular terms and conditions of the loan disclosure statement that the lend

4. My obligation to repay this loan shall i nently disabled.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT OF PAYMENT

In certain instances authorized by the Act, the payments I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. If I seek such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which my lender may, (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment as described in this Note and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default—If I default on this loan:
a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;

... may disclose to schools I have attended (or am e default:
... from all Title IV programs and any of the following ntal Educational Opportunity Grant, College Work-kins Loan (formerly called National Direct Student Supplemental Loan for Students (SLS), PLUS loans,

... ibed under Repayment and Deferment in this Note, sts, including attorney's fees, that are permitted by ction of these amounts. If I default on this loan, ... the Fair Debt Collection Practices Act, I will pay of the unpaid principal and accrued interest. De-and payable is at the option of the lender, which it ble notice and other requirements of law. Failure to a waiver of the lender's right to exercise the option

AF, I will then be required to pay HEAF all amounts

from me a late charge if I fail to pay all or part of a ays after it is due or if I fail to provide written evi-payment deferred as described under Deferment 6 cents for each dollar of each late installment

## ... TION

loan and its repayment will be reported to one or ault on this loan, the lender, holder or guaranto bureau organizations. This may significantly and credit.

st notify me at least 30 days in advance that infor to credit bureau organizations unless I enter into

to a request from any credit bureau organization organization about the accuracy and complete-

... the laws of the United States of America that the ... er, certify that the information contained in this ... d correct to the best of my knowledge and belie option under the SLS program, I authorize the able to me and my school. I hereby authorize the h may be due up to the amount of this loan. I ... n that I may attend, or HEAF, to release to my ... ir agents, any requested information pertinent ... tatus, prior loan history, current address). I als ... ir agent, the educational institution, or HEAF to m my parents (under the SLS program), or pren sped to my loan application and related docu holder, their agent or HEAF to release infor

mation and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I also authorize the lender, subsequent holder, their agent or HEAF to check my credit and employment history and to answer questions about their credit experience with me. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting educational expenses related to attendance at that institution for the loan period stated. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I certify that I am a borrower eligible for participation in the PLUS or SLS program and that I do not owe a refund to any Title IV aid program. I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any Title IV student assistance program requested in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

---

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment in full of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE X _Judy Miller_ | |
| TITLE _Claims Analyst_ | DATE _4-3-91_ |

F0025  10-87

## U.S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name:      MICHELET LOUIS
AKA:

Address:   300 NW 14TH AVE

           BOYNTON BEACH, FL 33435
SSN:       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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02/18/99.

On or about 1/26/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from FIRST BANK N.A., ST. PAUL, MN. at 8.00% percent interest per annum. This loan obligation was guaranteed by NORTHSTAR GUARANTEE, INC. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $61.16 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 4/2/91, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,753.64 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 5/26/93, assigned its rights and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower owes the United States the following:

| | | |
|---|---|---|
| Principal: | $ | 2,753.64 |
| Interest: | $ | 1,663.26 |
| Administrative/Collection Costs: | $ | 49.87 |
| Late fees: | $ | 0.00 |
| Total Debt as of 02/18/99 : | $ | 4,466.77 |

Interest accrues on the principal shown here at the rate of $0.60 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:     1/25/99        Name:
                                Title:    Loan Analyst
                                Branch:   Litigation

HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

Case 9:04-cv-80013-KAM   Document 1   Entered on FLSD Docket 01/12/2004   Page 8 of 10

GUARANTEED
STUDENT LOAN
(GSL) APPLICATION/
PROMISSORY NOTE

**SECTION A - TO BE COMPLETED BY BORROWER** *(PRINT IN INK—PRESS FIRMLY—OR TYPE)*

1. NAME (NO NICKNAMES) LAST **Louis** FIRST **Michelet** M.I.
2. SOCIAL SECURITY NUMBER **265 95 4795**
3. WHEN WERE YOU BORN? MO **11** DAY **17** YR **42**

4. PERMANENT ADDRESS **300-N.W.-14th Ave**
CITY **Boynton Beach** STATE **F/A** ZIP **33435**
5. PERMANENT HOME PHONE **(407) 738-0064**

6. U.S. CITIZENSHIP STATUS (CHECK 1 OR 2)
1 ☐ U.S. CITIZEN OR NATIONAL   2 ☒ PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN
7. ALIEN ID NUMBER IF APPLICABLE **A40136092**
PERMANENT RESIDENT OF WHICH STATE **MIA, F/A**
8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9) **L-200-540-47-417**
8b. STATE IN WHICH LICENSE ISSUED **F/A**

9. ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP) **Same**

10. PHONE AT SCHOOL ADDRESS **(407) 738-0064**
11. MAJOR COURSE OF STUDY, SEE CODES IN INSTRUCTIONS IN APPLICATION BOOKLET **15**
12. LOAN AMOUNT REQUESTED $ **2625** .00
13. LOAN PERIOD FROM MO **01** YR **89** TO MO **03** YR **89**

**PRIOR LOAN INFORMATION: READ INSTRUCTIONS IN THE APPLICATION BOOKLET**

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☐ YES (GIVE DETAILS ON SEPARATE SHEET) ☒ NO (GO TO 20a)
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☐ YES (GO TO 15b) ☒ NO (GO TO 20a)
15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS $

16. UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR GSL
17. GRADE LEVEL OF MOST RECENT PRIOR GSL; SEE INSTRUCTIONS IN APP BOOKLET
18. LOAN PERIOD START DATE OF MOST RECENT PRIOR GSL MO DAY YR
19. INTEREST RATE OF MOST RECENT PRIOR GSL ☐ 7% ☐ 8% ☐ 9%

**REFERENCES** (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| 20a. NAME **Jacob Suffrard** | 20b. NAME **Ginette Touzin** | 20c. NAME **Camille Dickinson** |
|---|---|---|
| STREET **156-N.W.-14th Ave** | STREET **155-S.E.-27 Place** | STREET **3326-N.W.-180 St** |
| CITY, STATE, ZIP **Boynton Bch, F/33435** | CITY, STATE, ZIP **Boynton Beach F/33435** | CITY, STATE, ZIP **MIA F/A 33142** |
| PHONE **(407) 732-4349** | PHONE **(407) 369-8244** | PHONE **(305) 625-6257** |

NOTICE TO BORROWER: The lender identified in Section C is the lender you have chosen. You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and the Origination Fee and Interest of the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and in the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I further certify that this is a Promissory Note. I will not sign it again before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

21a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE) X **Michelet Louis**
21b. DATE BORROWER SIGNED MO **1** DAY **26** YR **89**

**SECTION B - TO BE COMPLETED BY SCHOOL** *(BORROWER: DO NOT WRITE IN SECTIONS BELOW)*

22. NAME OF SCHOOL **Chauffeur's Training School Inc.**
24. PHONE **(305) 638-2200**
25. SCHOOL CODE **021461**

23. ADDRESS (STREET, CITY, STATE, ZIP) **2579 N.W. 20th St   Miami   Fl. 33142**
26. SCHOOL BRANCH **9005**

27.
28. PERIOD LOAN WILL COVER FROM MO **01** DAY **30** YR **89** TO MO **03** DAY **24** YR **89**
29. STUDENT'S GRADE LEVEL (CHECK ONE) CORRESP ☐ UNDERGRAD ☒ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5   GRAD ☐ 6 ☐ 7 ☐ 8 ☐ 9
30. ANTICIPATED GRADUATION DATE MO **03** DAY **24** YR **89**
31. STUDENT STATUS (CHECK ONE) ☐ DEPENDENT ☒ INDEPENDENT

32. ADJUSTED GROSS INCOME (AGI) $ **22,101.**
33. COST OF ATTENDANCE FOR LOAN PERIOD $ **5635.**
34. ESTIMATED FINANCIAL AID FOR LOAN PERIOD $ **1108.**
35. EXPECTED FAMILY CONTRIBUTION (EFC) $ **0**
36. DIFFERENCE (ITEM 33 LESS ITEMS 34 AND 35) OR LEGAL MAXIMUM $ **2625.**

37. SUGGESTED DISBURSEMENT DATES
1ST DISB. MO **01** DAY **30** YR **89**
2ND DISB. MO DAY YR
3RD DISB. MO DAY YR

38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☐ YES ☐ NO
39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☐ YES ☒ NO
40. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.
41a. SIGNATURE OF SCHOOL OFFICIAL X **Michelle S. Bodenchak**
41b. DATE MO **02** DAY **09** YR **89**
41c. PRINT NAME AND TITLE **Michelle S. Bodenchak, Administrator**  Financial Aid

**SECTION C - TO BE COMPLETED BY LENDER**

42. NAME OF LENDER **First Bank N.A.**
44. LENDER CODE **830038**
48. LOAN DISBURSEMENTS MO DAY YR AMOUNT

43. ADDRESS (STREET, BUILDING)
45. BRANCH CODE

CITY, STATE, ZIP **St. Paul Mn. 1800-328-0156**
46. MO DAY YR AMOUNT

50. IS THIS AN UNSUBSIDIZED LOAN? ☐ YES ☐ NO
51. LENDER ACCOUNT NUMBER
**APP - REVIEW**   LENDER USE ONLY
47.
49. TOTAL LOAN AMOUNT APPROVED $ .00

**SECTION D - TO BE COMPLETED BY HEAF**   FEB 10 1989
53a. SIGNATURE OF LENDING OFFICIAL X
53b. DATE SIGNED MO DAY YR

54. HEAF USE ONLY
55. PROMISSORY NOTE STATUS #3   **REVIEWED**
53c. PRINT NAME AND TITLE

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. **Warrants that:**
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. **Disclaims the implied warranty** that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. **Acknowledges that:**
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.



| SIGNATURE X | |
|---|---|
| TITLE   HSCA Claims Supervisor | DATE   MAY 0 6 1991 |

F0025  10-87

federal law and will be reflected on my disclosure statement. Origination fees may be refunded, pro rata, on undisbursed amounts, if the loan is repaid in full within 120 days of disbursement, if the loan check is not cashed within 120 days of disbursement, or if the check is returned to the lender uncashed.

## B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my first loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

## C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through HEAF and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period.

However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

1) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
   a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest).
   c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.

2) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 1 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the last address that I have provided to the lender.

3) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.

4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments are computed.

## DEFERMENT

Understand that certain periods that are authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including, without limitation, submission of required forms to the lender.

## F. FORBEARANCE

am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## DEFAULT

Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:

- failing to make any installment payment when due, provided that this failure persists for 180 days if a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
- making any false representation for the purpose of obtaining this loan;
- using the loan proceeds for other than educational purposes;
- failing to enroll in the school that completed the application for the time identified as my loan period;
- not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

Consequences of default—If I default on this loan:
- the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
- the lender, holder, or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default;
- I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation Loans;
- I will be ineligible for the benefits described under Repayment and Deferment in this Note;
- I will also pay all charges and other costs, including attorney's fees, that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date;
- the lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts owed.

## LATE CHARGES

permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Note. A late charge will not exceed 6 cents for each dollar of each late installment.

## CREDIT BUREAU NOTIFICATION

information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in my application for this loan is true, complete and correct to the best of my knowledge and belief and is made in good faith. At my lender's option, I authorize the lender to make my loan check(s) jointly payable to me and my school. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend or HEAF to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, the educational institution, or HEAF to make inquiries to or respond to inquiries from my parents, or prior or subsequent lenders or holders, with respect to my loan application and related documents. I also authorize the lender, subsequent holder, their agent or HEAF to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry of the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

GSL-A304 A305 A307   2-88

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04-80018**

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

MICHÉLET LOUIS

**CIV-PAINE**

PALM BEACH

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

WPB 04-80018 / Paine / Johnson

**MAGISTRATE JUDGE**

**JOHNSON**

**(c)** ATTORNEYS DAVID E. NEWMAN, P.A. 305-665-9633
1533 Sunset Drive, #225
Coral Gables, FL 33143

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER.

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury – Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury – Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **A PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [x] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [x] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **B SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **A LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 791 Empl Ret Inc Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS – Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions A OR B |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. CFR 682.100(4)(d)

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER FRCP 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: [ ] YES [x] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE ___ DOCKET NUMBER ___

DATE 1/9/04

SIGNATURE OF ATTORNEY OF RECORD
Amy J. Winarsky (F.B.N. 900140)

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___